East'n District.
*May*, 1824.   STATE OF LA. vs. WINTHROP, CLERK OF E. B. R.

STATE OF LOU-
ISIANA
*vs.*
WINTHROP.

"Frequent intemperance" and "habitual indolence" charged against a clerk, are too general, & evidence cannot be received in support of them.

A clerk will not be removed for having acted incautiously, if his acts have occasioned injury to no one.

MARTIN, J. delivered the opinion of the court. The defendant, clerk of the district court, for the parish of East Baton Rouge, stands charged, on the oath of H. Blanchard, and T. G. Morgan, with malpractices in his office, and application is made by them for his removal. It is stated that

1. He has long and almost entirely neglected the duties of his office, which have devolved on the deputy, thereby rendering it a *sine-cure*. From frequent intemperance, and habitual indolence and imbecility, he has occasioned much irregularity, confusion and delay in the administration of jnstice, and also great inconvenience and injury to the legal rights of many citizens; whereby said office, intended to promote and advance the ends of justice, has been rendered a source of vexation, to all who have been compelled, by their situation in society, or their business to resort to it.

2. From the month of May 1822, to the 5th of January 1824, the records and documents of the court have been kept in a very unsafe sit-

East'n District.
May, 1824.

STATE OF LOU-
ISIANA
vs.
WINTHROP.

uation, viz. in a house, in a retired and remote part of the town, exposed without fastening, no person sleeping in the office, and seldom any in the house; one of the doors leading from the street, into the room in which the records are kept, on open and exposed shelves, since May 1822, has not now, nor ever had a lock or other means of securing it; but has always remained unfastened, and accessible to every person and at all hours, and the records in danger of being purloined or destroyed.

3. He has, at several times (as the applicants are informed and believe,) offered to sell his said office, with the intention of removing and permanently residing out of the state, and sometime between the 1st of September 1823, and the 5th of January 1824, offered to sell it, and did sell, convey and deliver possession of it to A. C. Dunn, for a price in money, to the applicants unknown.

The defendant has pleaded not guilty, to each of these charges.

I. We have been of opinion that the first charge is laid in so vague and indeterminate manner, that no evidence could be received under it.

It is true the law has not pointed out the

East'nDistrict. manner in which the charge on which the re-
May, 1824.
~~~~        moval of a clerk, is asked from us, ought to be
STATE OF LOU-  preferred, nor the proceedings following it
ISIANA
vs.          conducted.
WINTHROP.

To avoid acting arbitrarily, and taking the
crude opinions of its members, for its legiti-
mate rule of conduct, this court must follow the
track of other tribunals, acting in cases of the
same nature. This is a proceeding highly
penal, affecting the reputation, interests and
standing in society of the accused. He
therefore has the right of being heard, conse-
quently of knowing the *specific charge* to which
he is to answer. This he has not, unless
his accusers are held to give a legal descrip-
tion of the offence, i. e. its *nature*, the *time*,
place and manner of its commission, the
names, occupation, and residence of the per-
sons injured. What injury has resulted from
his neglect, in trusting to his deputy—What
delay, irregularity or confusion have been the
consequence of his intemperance, imbecility or
indolence is not stated, nor what vexation has
been endured by attornies or suitors. The
name of every one thus injured, is kept from
him and the court. To repel these vague char-
ges he would be obliged to summon every suit-

East'n District.
*May*, 1824.

STATE OF LOU-
ISIANA
*vs.*
WINTHROP.

or who has been engaged in litigation in his court, while he acted in it.

It is greatly to be lamented, that the preservation of the records of the courts of this state, is left in very many of the parishes to the discretion and charge of the clerks, who are seldom enabled, by their emoluments to procure secure buildings for their offices : The parish of East Baton Rouge is one of them—and the testimony shews that the house which he has taken for his residence, and in which he necessarily keeps his office and its records, (the police jury having never deemed it expedient to procure a safer one,) renders the security of these records more dependent on his personal vigilance and the honesty of his neighbours, than on the strength of the building, and of the hooks and latches and crazy-lock, which protect it,—that the defendant, being without a family, is often without an inmate, and occasionally stays out of the circle, within which the entry of it may be perceived.

The principal witness, by whom the inferiority of the house is shewn, (the clerk of the court of a neighboring parish,) removed the records of his own office, into the very building, where he judged them perfectly safe : lock-

East'nDistrict. *May*, 1824.

STATE OF LOU- ISIANA *vs.* WINTHROP.

ed up indeed for part of the time in a chest ; but we cannot conclude that they derived security against amotion from their ponderosity, while he informs us that their bulk did not exceed that of a few quires of paper.

Altho' we are of opinion from a consideration of the evidence, that the defendant ought to have used a greater degree of care ; while it cannot be shewn that in any instance whatever, either the public or any individual sustained the least injury, we cannot conclude that the interest of the state demands his removal.

While those whose duty it is to provide proper places for the safe keeping of records fail to do so, much must be left to the discretion of the clerk.—We do not think the defendant used his *soundly*. Yet he may have *honestly* believed the papers were safe, and the event has shewn that they proved so. Were we to deprive him of his office, we would punish an error in judgment, unattended with the least injury to any one,—an error which, however blameable, does not call for the heavy penalty which his accusers invoke.

Should this intimation of our view of the defendant's conduct fail to produce the effect we hope from it, it would assume a different character.

III. There is not the least tittle of evidence in support of the third charge, and it is absolutely contradicted by the person, with whom the bargain is alleged to have been made.

East'n District, *May*, 1824.

STATE OF LOUISIANA *vs.* WINTHROP.

It is therefore ordered, adjudged and decreed, that the application for his removal be dismissed.

*Morgan* and *Blanchard* for the plaintiff, *Grymes* and *Eustis* for the defendant.